UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JIMMIE HENRY EMERSON                                            CIVIL ACTION

VERSUS                                                          NO. 15-137-SDD-RLB

TERRY PROVENCHER, et al.

NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 30, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JIMMIE HENRY EMERSON                                CIVIL ACTION

VERSUS                                              NO. 15-137-SDD-RLB

TERRY PROVENCHER, et al.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (R. Doc. 14), filed by Defendants, Laurie Dufour and James LeBlanc, on October 22, 2015.  Any opposition by Plaintiff was due by November 16, 2015.[1]  As of this Report and Recommendation, Plaintiff has not opposed or otherwise responded to Defendants' Motion to Dismiss.

**I.    BACKGROUND**

This is an action for constitutional violations made actionable by 42 U.S.C. § 1983, as well as violations of state law.  In his Complaint, Plaintiff names several state officials employed by the Department of Corrections as Defendants, including James LeBlanc and Laurie Dufour. (R. Doc. 1 at 4).  Plaintiff claims that Defendants "forced [him] to remain on parole . . . which

---

[1] Local Rule 7(f) requires a party to file its response "within twenty-one days after service of the motion." Rule 6(d) of the Federal Rules of Civil Procedure grants a party 3 additional days for certain types of service, including service by mail – "in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C) (service by mail). Finally, if the last day to respond falls on a weekend or legal holiday, the "period continues to run" under Rule 6(a)(1)(C), "until the next day that is not a Saturday, Sunday or legal holiday."  Defendant mailed and Plaintiff was therefore served with the Motion to Dismiss on October 22, 2015, making his opposition due by November 16, 2015. *See* LR 7(f) (respond within 21 days of service – November 12, 2015); Fed. R. Civ. P. 6(d) (adding 3 days for service by mail – Sunday, November 15, 2015); Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday" – Monday, November 16, 2015).

constitutes double jeopardy,[2] breach of contract, etc.," among other things. (R. Doc. 1 at 3). According to his Complaint, "the officers herein, in their official capacit[ies]," violated Plaintiff's state and federal rights. (R. Doc. 1 at 4).  As relief, Plaintiff seeks an award of "monetary damages" against the named Defendants, among other things. (R. Doc. 1 at 7).

Defendants, Laurie Dufour and Secretary James LeBlanc, move to dismiss Plaintiff's claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (R. Doc. 14-1 at 2).  According to Defendants, "the Eleventh Amendment bars Plaintiff's claims for monetary damages against Secretary LeBlanc and Ms. Dufour in their official capacities." (R. Doc. 14-1 at 2).

## II.   APPLICABLE LAW

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of an action if the court lacks subject matter jurisdiction over the plaintiff's claim.  Motions brought under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).  However, the burden of proving subject matter jurisdiction is on the party asserting jurisdiction.  In this case, Plaintiff bears the burden of establishing that this Court has subject matter jurisdiction over his claims against Defendants LeBlanc and Dufour.

---

[2] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V, § 2.  The Supreme Court has interpreted the Clause as protecting criminal defendants against being punished or prosecuted twice for the same offense, regardless of acquittal or conviction in a previous trial. *See Hudson v. U.S.*, 522 U.S. 93, 99 (1997) (The Clause protects "against the imposition of multiple criminal punishments for the same offense, and then only when such occurs in successive proceedings."); *Green v. U.S.*, 355 U.S. 184, 187 (1957) ("The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense."); *Ball v. U.S.*, 163 U.S. 662, 669 (1896) ("The prohibition is not against being twice punished, but against being twice put in jeopardy; and the accused, whether convicted or acquitted, is equally put in jeopardy at the first trial.").

## III. DISCUSSION

In his Complaint, Plaintiff states that the conduct of the "officers herein[,] in their official capacity," violated his federal and state rights. (R. Doc. 1 at 4). According to Defendants, the Complaint indicates that they are being sued in their official capacities; and so, Plaintiff's claims are barred by the Eleventh Amendment. (R. Doc. 14-1 at 1-2).

Defendants argue that Plaintiff's Complaint is limited to official-capacity claims. The Complaint expressly states the capacities in which Defendants were acting, rather than the capacities in which they are being sued. Because Plaintiff is proceeding pro se, his Complaint must be interpreted liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). It is not completely clear whether Plaintiff is suing Defendants LeBlanc and Dufour in their official and/or individual capacities. As such, the Court interprets the Complaint as naming Defendants in both capacities.

The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity or otherwise consented to suit. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." *Id.* at 281.). Moreover, an official-capacity suit for monetary relief "against a state officer is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself" and is likewise barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991).

Based on these principles of law, Plaintiff's claims for monetary damages against Defendants LeBlanc and Dufour in their official capacities are barred by the Eleventh Amendment. Therefore, Plaintiff's official capacity claims against Defendants LeBlanc and Dufour must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

Because Defendants' Motion to Dismiss (R. Doc. 14) is limited to Plaintiff's official-capacity claims, the Court does not consider the sufficiency of any claims against Defendants LeBlanc and Dufour in their individual capacities.

## IV. RECOMMENDATION

For the reasons given above, the Court **RECOMMENDS** that Defendants' Motion to Dismiss (R. Doc. 14) be **GRANTED** and that Plaintiff's claims for monetary damages against Defendants, James LeBlanc and Laurie Dufour, in their **official capacities** be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on November 30, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**