# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JIMMIE HENRY EMERSON**                           **CIVIL ACTION**

**VERSUS**                                                      **NO. 15-137-SDD-RLB**

**TERRY PROVENCHER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 4, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JIMMIE HENRY EMERSON                    CIVIL ACTION

VERSUS                                  NO. 15-137-SDD-RLB

TERRY PROVENCHER, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss. (R. Doc. 32).  The motion is opposed. (R. Doc. 35).  The issue before the Court is whether Plaintiff has failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Also before the Court is a Motion for Summary Judgment (R. Doc. 36) filed by defendants Terry Provencher, Paulette Turner, Paul Hall, Jeff Wiley, and Vernon Lemon. Plaintiff has not filed an opposition within the time required by Local Rule 7(f).  Accordingly, the Motion for Summary Judgment is deemed unopposed.

Because Plaintiff's claims are subject to dismissal in light of the arguments raised in Defendants' Motion to Dismiss (R. Doc. 32), the Court need not conduct any substantive analysis of the subsequently filed Motion for Summary Judgment (R. Doc. 36).

## I.    Background

On March 9, 2015, Jimmie Henry Emerson ("Plaintiff") filed a *pro se* Complaint under the Civil Rights Act, 42 U.S.C. § 1983, naming as defendants Terry Provencher, Paulette Turner, Paul Hall, Jeff Wiley, Vernon Lemon, Shea Cochran, James Russo, James LeBlanc, and Laurie Dufour ("Defendants"). (R. Doc. 1).  Plaintiff alleges that his eighteen year sentence commenced in 1996, and that he signed a "Good Time Option contract" in which he agreed "to do 2 days for (1) one." (R. Doc. 1 at 4).  Plaintiff alleges that his official arrest and release dates are false

1

and/or have been falsified by certain defendants. (R. Doc. 1 at 4-6).  Plaintiff further alleges that

when he completed his sentence on April 25, 2009, he was "forced on parole" in violation of his

contract and constitutional rights. (R. Doc. 1 at 5).

On January 8, 2016, the Court dismissed with prejudice Plaintiff's claims for monetary

damages against defendants James LeBlanc and Laurie Dufour, in their official capacities. (R.

Doc. 26).

On May 12, 2016, Defendants filed the instant Motion to Dismiss pursuant to Fed. R.

Civ. P. 12(b)(6). (R. Doc. 32).

On June 17, 2016, Plaintiff filed his Opposition. (R. Doc. 35).[1]

## II.      Arguments of the Parties

In support of the Motion to Dismiss, Defendants contend that Plaintiff's allegation that

his constitutional rights were violated by his placement on parole following release from

incarceration is a direct challenge to the fact and duration of his original sentence. (R. Doc. 32 at

1).  Defendants argue that because Plaintiff cannot show that his original sentence was

invalidated, Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (R. Doc. 32 at

3-5).

In opposition, Plaintiff argues that he presents no challenge to the fact and duration of his

original sentence. (R. Doc. 35 at 1).  Plaintiff asserts that he was placed on parole against his free

will after the completion of his sentence in violation of his constitutional rights, including due

process and equal protection. (R. Doc. 35 at 1).

---

[1] The Plaintiff was ordered to file an opposition, if any, on or before June 16, 2016. (R. Doc. 34).  Although his Opposition was not received and filed by the Clerk's office until June 17, 2016, Plaintiff's filing contains evidence that it was mailed on June 16, 2016. (R. Doc. 35-1 at 7).  Pursuant to the "prison mailbox rule" applied in this Circuit, the Opposition is deemed timely.

### III.   Law and Analysis

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of a complaint as set forth in Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, the pleading's language, on its face, must demonstrate that plausibility for entitlement to relief exists. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  When determining the plausibility of a claim for relief, the court does not assume the truth of conclusory statements, but looks to facts that support the elements of the claim. *Twombly*, 550 U.S. at 557.  Factual assertions are presumed to be true, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678.

Civil actions for the deprivation of rights are governed by 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Section 1983 is not a source of substantive rights but "provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-394 (1989).  The purpose of the statute is to deter state actors from utilizing their authority to "deprive individuals of their

federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim pursuant to § 1983, "'a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Lauderdale v. Texas Dep't. of Criminal Justice*, 512 F.3d 157, 165 (5th Cir. 2007). Further, a plaintiff must name defendants "who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).

Louisiana Revised Statute 15:571.5 "(1) provides that a good-time release shall be "as if . . . on parole", (2) authorizes the imposition of conditions upon such good-time release, and (3) authorizes the revocation of such release upon the violation of one or more of the referenced conditions." *Damond v. LeBlanc*, No. 12-564, 2013 WL 3490734, at *4 (M.D. La. July 9, 2013), *aff'd*, 552 F. App'x 353 (5th Cir. 2014); *see also Ferguson v. Louisiana Dep't of Pub. Safety & Corr. Bd. of Parole*, 218 F. App'x 355 (5th Cir. 2007) ("When a prisoner is released because of a reduction of his sentence, 'he shall be released as if released on parole.'") (quoting La. R.S. 15:571.5(A)(1)). Where a plaintiff complains that his good-time release was made conditional upon the supervisory conditions of parole, that plaintiff effectively seeks "a release from such supervised confinement and/or a diminution of his period of future supervised confinement." *Damond*, 2013 WL 3490734, at *4. Such a claim challenges the "fact or duration of his confinement which must be pursued through habeas corpus channels." *Id*. Accordingly, Plaintiff's Complaint, brought as a civil rights action under 42 U.S.C. § 1983, is subject to dismissal for this reason.[2]

---

[2] The Court declines to construe the plaintiff's Complaint to be an application for federal habeas corpus relief because it appears that the plaintiff has not exhausted state court remedies relative to his claims as

In addition, Plaintiff also seeks monetary relief for the alleged wrongful conduct of the defendants in subjecting him to the alleged wrongful supervisory conditions. This claim is barred by the doctrine set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994). Pursuant to *Heck,* a prisoner's claim seeking monetary damages under § 1983 is not cognizable whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.   Before such a claim may be entertained, the prisoner must show that his sentence has been overturned or called into question in a separate proceeding, *e.g.,* in a habeas corpus proceeding. *Id.*   In the present case, a resolution of the plaintiff's claims in his favor would necessarily imply that such supervised confinement should be curtailed.   Since he has failed to allege or even suggest that this confinement has been invalidated or called into question by a court in a separate proceeding, Plaintiff's claim falls within the holding of *Heck v. Humphrey.*   Accordingly, his cause of action under § 1983 for monetary damages attributable to the alleged unconstitutional supervised confinement has not yet accrued. *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-*Heck,* because the plaintiff's action has been shown to be legally frivolous"). *See also Stephenson v. Reno,* 28 F.3d 26 (5th Cir. 1994); *Johnson v. McElveen,* 101 F.3d 423 (5th Cir.1997).   It is therefore appropriate that Plaintiff's § 1983 claim be dismissed, with prejudice to re-assertion until the conditions set forth in *Heck v. Humphrey* are satisfied. *See Arvie v. Broussard,* 42 F.3d 249 (5th Cir. 1994).[3]

---

mandated by 28 U.S.C. § 2254(b)(1). The plaintiff does not allege that he has challenged the revocation of his supervised release in the state courts, and this Court's research demonstrates an absence of any decision by the Louisiana Supreme Court with respect to such challenge. *See, e.g., Grant v. Harson,* No. 11-cv-1925, 2012 WL 1190257 (W.D. La. Feb. 9, 2012) (declining to construe § 1983 Complaint as a habeas application where the record was clear that the petitioner had not exhausted state court remedies).

[3] It appears that the claims made by the plaintiff in this proceeding are without merit in any event. The constitutionality of La. R.S. 15:571.5 has been challenged on numerous occasions in both state and

5

In sum, Defendants have met their burden of demonstrating that Plaintiff has not stated a claim upon which relief may be granted.  Plaintiff's allegations regarding his good time credits, placement on parole, and his arrest and release dates, amount to challenges to the fact and duration of his original sentence.  Plaintiff has failed to allege or show that his sentence was previously invalidated or called into question in any state or federal proceeding.  Because judgment in favor of Plaintiff on his Section 1983 claims would necessarily imply that his sentence was invalid, the claims are barred by the *Heck* doctrine and must be dismissed.

## IV.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss (R. Doc. 32) be **GRANTED**, and that Plaintiff's claims against Defendants be **DISMISED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Motion for Summary Judgment (R. Doc. 36) be **DENIED as moot.**

Signed in Baton Rouge, Louisiana, on October 4, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

federal courts and has been upheld as constitutional. *See*, *e.g.*, *Manuel v. Stalder,* 928 So.2d 24 (La. App. 1st Cir. 2005); *Bernard v. Louisiana Department of Public Safety and Corrections,* 843 So.2d 413 (La. App. 1st Cir. 2002); *Rochelle v. Louisiana Department of Public Safety & Corrections,* 2007 WL 4465793 (La. App. 1st Cir. Dec. 21, 2007); *Bailey v. Hubert,* 2007 WL 1805065 (E.D. La. June 19, 2007); *Howard v. Stalder,* 2005 WL 1330299 (W.D. La. May 31, 2005).